**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**


**MLGH CORPORATION, ET AL.**                                          **PETITIONERS**


**VS.**                          **CASE NO. 4:09CV00032 JMM**


**ARKANSAS DEPARTMENT OF HUMAN SERVICES, ET AL.**              **RESPONDENTS**


**ORDER**

Pending before the Court are respondents Arkansas Department of Human Services's, Love-N-Home Child Care Inc.'s, and the Department of Agriculture's Motions to Dismiss. Petitioners have failed to respond to the motions. For the reasons stated below, the Arkansas Department of Agriculture's motion is granted and the case is remanded back to state court (#11).

I. *Facts*

On November 26, 2008, Gail Lambert and Lanell Jefferson on behalf of themselves and the MLGH Corporation filed an Amended Petition for Judicial Review in the Circuit Court of Pulaski County, Arkansas, of a final agency decision regarding their participation in the federal food programs administered by the Arkansas Department of Human Services Division of Child Care and Early Childhood Education ("DHS"). The Amended Petition named DHS, Love-N-Home Child Care, Inc., Darlene Parker, and the United States Department of Agriculture as respondents. On December 11, 2008, Lambert on behalf of herself, Jefferson, and MLGH Corporation filed a Second Amended Petition for Judicial Review essentially making the same claims, but limited her request for relief to judicial review and an award of costs and attorney fees.

1

Petitioner Lanell Jefferson is listed as the agent for service for MLGH Corporation in the Second Amended Petition and as President of MLGH Corporation in the Amended Petition. Lambert is identified as d/b/a MLGH Corporation. Love-N-Home is described as a sponsoring agency of a food program administered by the state and Darlene Parker is identified as its director.

Lambert and Jefferson, who are not attorneys, represent all the petitioners in the Amended Petition, including themselves, *pro se*. Lambert filed the Second Amended Petition *pro se* on behalf of herself and all the petitioners.

On January 16, 2009, pursuant to the federal agency removal statute, 28 U.S.C. § 1442(a)(1) and § 1446, the United States of America removed the case to the federal district court and filed a Motion to Dismiss based upon petitioner's lack of subject-matter jurisdiction over the United States of America.

The relevant statute, 28 U.S.C. § 1442, states:

(a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

II. *Analysis*

Jurisdiction allowing removal to federal court is based upon petitioners' claims against the Department of Agriculture. The Department of Agriculture seeks dismissal contending that this Court is without subject matter jurisdiction.

To survive a motion to dismiss, the complaint must allege facts, which, when taken as true, raise more than a speculative right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (internal citations omitted). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is

appropriate." *Benton v. Merrill Lynch & Co., Inc.,* 524 F.3d 866, 870 (8th Cir. 2008) (quoting *Parnes v. Gateway 2000, Inc*., 122 F.3d 539, 546 (8th Cir.1997)).

Petitioners' state law claims are that (1) there were procedural errors in the administrative process relating to Love-N-Home and Darlene Parker; (2) the decision of the Administrative Law Judge was arbitrary, capricious and an abuse of discretion; and (3) the Department of Human Services discriminated against them based upon their race.

Petitioners' federal claims are that  the Department of Agriculture failed to prohibit discrimination when it failed to direct the State of Arkansas to take corrective actions to limit the racial discriminatory impact of its sponsoring agencies in its Child and Adult Food and Nutrition Program which was in violation of Title VI of the Civil Rights Act of 1964.

The federal claims of petitioner MLGH Corporation against the Department of Agriculture as set forth in the Amended Petition and the Second Amended Petition are dismissed without prejudice because non-attorneys may not represent a corporation on a *pro se* basis in federal court.  *See Carr Enterprises, Inc. v. United States of America*, 698 F.2d 952 (8th Cir. 1983)*; United States v. Van Stelton*, 988 F.2d 70 (8th Cir. 1993) (*per curiam*).  To the extent that Lambert is attempting to represent Jefferson in the Second Amended Petition, Jefferson's federal claims against the Department of Agriculture in the Second Amended Petition are dismissed without prejudice as Lambert may not engage in the practice of law on behalf of Jefferson in federal court.  Lambert's claims remain as she is allowed to represent herself *pro se*.  *See* 28 U.S.C. § 1654.

Lambert claims that MLGH was disqualified as a participant in the Federal Food and Nutrition Program, Child and Adult Food and Nutrition Program  which is administered by the United States Department of Agriculture through Arkansas state agencies.  She alleges that the Department of Human Services administers the program through sponsors such as Love-N-Home.  It is alleged that actions taken by Love-N-Home, Inc., and Parker resulted in MLGH's  disqualification in the food program and that this disqualification was based upon racial animus.

Petitioner's allegations regarding the Department of Agriculture are that

  18. [t]he Department of Human Services, Division Child Care and Early Childhood
Education, Special Food and Nutrition Program, has twelve (12) sponsoring agencies,
most of which are located in Northwest Arkansas.  There are no Black or Black
Stockholders in any of the Food Sponsoring Agencies.  Love-N-Home, Inc., is located in
Ponca, Newton County, Arkansas, which is adjacent to Boone County, which is the
National Headquarters of the Knights of the Klux Klan (KKK).  Newton County has no
Blacks in its' [sic] population.  The action and inaction taken by Love-N-Home, Inc.,
and Darlene Parker, is simply based on racial animus.  This violates 42 U.S.C. 2006,
(Title VI of the Civil Rights Act of 1964).  Discrimination in federally funded programs
are [sic] prohibited.  Likewise, the United States Department of Agriculture Code of
Federal Regulations and Statues prohibits discrimination in administration of its
programs based on race.  The action and inaction listed above demonstrate that
Petitioners were the subject of racial discrimination in a federally funded program.

* * *

  20.  The United States Department of Agriculture failed to prohibit discrimination in
federally funded programs as it did not direct the State of Arkansas to take corrective
actions to limit the discriminatory impact of its sponsoring agencies in its Child and
Adult Nutrition Programs.  The twelve sponsoring agencies are all white and located in
parts of Arkansas where there are no Black residents.  The Department of Agriculture
should be required to take affirmative action and correct the violation of Title VI of the
Civil Rights Act of 1964.

Second Amended Petition for Judicial Review (December 11, 2008).

     Lambert's claim against the Department of Agriculture fails as there is no private cause of action

for a disparate impact claim under Title VI.  *See Alexander v. Sandoval*, 532 U.S. 275, 121 S.Ct. 1511,

149 L.Ed.2d 517 (2001).  To the extent that petitioner is making a claim of intentional discrimination,

that claim also fails.  The facts alleged do not state a claim of intentional discrimination by the

Department of Agriculture.  Lastly, there is no indication that petitioner filed any sort of administrative

complaint with the Department of Agriculture prior to the Amended Petition.  Lambert's claims against

the Department of Agriculture are dismissed with prejudice.

     The Court declines jurisdiction over the supplemental claims and remands the petition back to

state court.  *See* 28 U.S.C. § 1367(c).  The motions to dismiss filed in federal court by Parker, Love-N-

Home, and DHS are dismissed as moot.  *See Scherer v. Curators of University of Missouri*, 49 Fed.

Appx. 658 (8th Cir. 2002) (*per curiam*).

III.  *Conclusion*

The Clerk of the Court is directed to return the case to state court forthwith.   *See* 28 U.S.C. § 1447.

IT IS SO ORDERED THIS  16  day of   March  , 2009.

_____
James M. Moody
United States District Judge